IN THE COURT OF CRIMINAL APPEALS

OF TEXAS


 

 NO. 74,908 



EX PARTE TONY LEWIS THOMAS, Applicant



 

ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

 FROM HARRIS COUNTY 

 Per Curiam.

O P I N I O N


 This is a post-conviction application for a writ of habeas corpus filed pursuant to Tex.
Code Crim. Proc. art. 11.07. Applicant was convicted of aggravated robbery and his
punishment was assessed at ninety-nine years imprisonment after Applicant was found to
be a habitual offender. This conviction was affirmed, Thomas v. State, No. 01-00-202-CR
(Tex. App. - Houston [1st], delivered November 9, 2000, no pet.). 

 Applicant contends that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not notify him that the conviction had
been affirmed or what he needed to do to file such a petition. An affidavit filed by appellate
counsel states that counsel has no record any notice of the affirmance was sent to Applicant
until a year after the opinion was delivered. The trial court found that counsel was deficient
for failing to notify the Applicant timely that the Court of Appeals had affirmed his conviction
in the primary case. We believe the Applicant is entitled to an out-of-time petition for
discretionary review.

 Therefore, Applicant is entitled to relief. Ex parte Wilson, 965 S.W.2d 25 (Tex. Crim.
App. 1997). The proper remedy in a case such as this is to return Applicant to the point at
which he can file a petition for discretionary review. He may then follow the proper
procedures in order that a meaningful petition for discretionary review may be filed. For
purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if
the Court of Appeals' decision had been rendered on the day the mandate of this Court issues. 
We hold that should Applicant desire to seek discretionary review, he must take affirmative
steps to see that his petition is filed in the Court of Appeals within thirty days after the
mandate of this Court has issued.

 All other allegations are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex. Crim.
App. 1997).


DELIVERED: March 10, 2004

DO NOT PUBLISH